**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CRAIG E. KLEFFMAN, individually
and on behalf of all others
similarly situated,
        *Plaintiff-Appellant,*

            v.

VONAGE HOLDINGS CORP, a New
Jersey corporation, VONAGE
AMERICA, INC., a wholly owned
subsidiary; VONAGE MARKETING,
INC., a wholly owned subsidiary,
        *Defendants-Appellees.*

No. 07-56171

D.C. No.
CV-07-02406-GAF
Central District of
California,
Los Angeles

CRAIG E. KLEFFMAN, individually
and on behalf of all others
similarly situated,
        *Plaintiff-Appellee,*

            v.

VONAGE HOLDINGS CORP, a New
Jersey corporation, VONAGE
AMERICA, INC., a wholly owned
subsidiary; VONAGE MARKETING,
INC., a wholly owned subsidiary,
        *Defendants-Appellants.*

No. 07-56292

D.C. No.
CV-07-02406-GAF
Central District of
California,
Los Angeles

ORDER
CERTIFYING
QUESTION TO
THE CALIFORNIA
SUPREME COURT

Filed December 19, 2008

16585

Before: Melvin Brunetti and Barry G. Silverman,
Circuit Judges, and Suzanne B. Conlon,* District Judge.

## ORDER

We certify to the California Supreme Court the question set forth in Part III of this order.

All further proceedings in this case are stayed pending receipt of the answer to the certified question. This case is withdrawn from submission until further order of this court. If the California Supreme Court accepts the certified question for answer, the parties shall file a joint report six months after date of acceptance and every six months thereafter advising us of the status of the proceedings.

I

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, certifies to the California Supreme Court a question of law concerning interpretation of California's anti-spam law, Cal. Bus. & Prof. Code § 17529.5. The decisions of the California Courts of Appeal and California Supreme Court provide no precedent to the certified question, and the answer may be determinative of this appeal.

The California Supreme Court is respectfully requested to answer the certified question presented below. The phrasing of the issue is not meant to restrict the court's consideration of the case. We agree to follow the answer provided by the California Supreme Court. If the California Supreme Court

*The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

declines certification, the issue will be resolved according to our perception of California law.

## II

The caption of the case is:

| | |
|---|---|
| CRAIG E. KLEFFMAN, individually and on behalf of all others similarly situated, *Plaintiff-Appellant-Appellee,* v. VONAGE HOLDINGS CORP, a New Jersey corporation, *et al., Defendants-Appellees-Appellants.* | Nos. 07-56171, 07-56292 (cons.) D.C. No. CV-07-02406-GAF Central District of California, Los Angeles |

Counsel for the parties are:

For Craig E. Kleffman: Elaine T. Byszewski, Hagens Berman Sobol Shapiro LLP, 700 South Flower St., Suite 2940, Los Angeles, CA 90017-4101; Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Ave., Suite 2900, Seattle, WA 98101; and Reed Kathrein, Hagens Berman Sobol Shapiro LLP, 715 Hearst Ave., Suite 202, Berkeley, CA 94710.

For Vonage Holdings Corp., Vonage America, Inc., and Vonage Marketing, Inc.: Elizabeth L. McDougall, Rebecca S. Engrav, Perkins Coie, 1201 Third Ave., Suite 4800, Seattle, WA 98101 3099; Judy Gitterman, Perkins Coie, 1620 26th St., Sixth Floor, South Tower, Santa Monica, CA 90404.

If the California Supreme Court grants the request for certification, Kleffman should be deemed the petitioner in this request because he appeals the district court's rulings on the issue identified below.

III

The question of law to be answered is:

Does sending unsolicited commercial e-mail advertisements from multiple domain names for the purpose of bypassing spam filters constitute falsified, misrepresented, or forged header information under Cal. Bus. & Prof. Code § 17529.5(a)(2)?

IV

The statement of facts is as follows:

Craig E. Kleffman filed a putative class action complaint against Vonage Holdings Corp., Vonage America, Inc., and Vonage Marketing, Inc. ("Vonage") for violating, *inter alia*, California's anti-spam law, Cal. Bus. & Prof. Code § 17529.5. The anti-spam law prohibits unsolicited commercial e-mail advertisements containing or accompanied by falsified, misrepresented, or forged header information. Cal. Bus. & Prof. Code § 17529.5(a)(2).

Kleffman alleged he received 11 unsolicited e-mail advertisements for broadband telephone services from Vonage through Vonage's marketing agents. The body of each e-mail contained an advertisement stating, "You Could Save up to 50% on Your Phone Bill!" The advertisements were marked with Vonage's copyright and were clearly identified as Vonage mailings in the body of the e-mail.

Vonage sent the e-mails from 11 different domain names: superhugeterm.com; formycompanysite.com; ursunrchcntr.com; urgrtquirkz.com; countryfolkgospel.com; lowdirectsme.com; yearnfrmore.com; openwrldkidz.com; ourgossipfrom.com; specialvrguide.com; and struggletailssite.com. Kleffman alleged that because of Vonage's use of "multiple random, not repeated, garbled and nonsensical

domain names," internet service providers were less likely to identify and block Vonage's unsolicited commercial e-mail advertisements, and recipients were deceived into opening the e-mails. Plaintiff-Appellant's Opening Brief at 6. In Kleffman's words, "Vonage essentially creates multiple deceptive identities, as represented by the multiple deceptive domain names," to distribute the total volume of unsolicited commercial e-mail advertisements and reduce the amount sent from each domain name. This practice "tricks [internet service providers] into believing there are multiple sources, when in actuality the [unsolicited commercial e-mail] advertisements are all for Vonage'[s] broadband telephone services." *Id.* at 6-7. The district court dismissed the complaint, holding, *inter alia*, Kleffman's allegations failed to state a claim under the plain language of § 17529.5.

V

The question presented in Section III is worthy of certification because the issue is likely to emerge again in cases governed by § 17529.5, and the court's answer may be dispositive in this case. The relevant provision in § 17529.5 was effective January 1, 2004, and has not been interpreted by the California Courts of Appeal or the California Supreme Court. The position the California Supreme Court will take regarding the certified question is uncertain. We therefore respectfully request that the California Supreme Court accept certification and resolve this question.

VI

The Clerk of Court is hereby directed to transmit to the California Supreme Court the original and ten copies of this order, along with all briefs on appeal to this court and any record materials as requested. The Clerk shall also file certificates of service with the parties to this appeal. Cal. R. Ct. 8.548(c)-(d).

IT IS SO ORDERED.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.